IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                                          NO. 2:26-CR-039-Z

ADRIAN LYDELL GARDNER

## FACTUAL RESUME

In support of Adrian Lydell Gardner's plea of guilty to the offense in Count Two

of the indictment, Gardner, the defendant, C.J. McElroy, the defendant's attorney, and the

United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the indictment, charging a violation

of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), that is, Possession with Intent to

Distribute 500 Grams or More of Cocaine, the government must prove each of the

following elements beyond a reasonable doubt:[1]

| | |
|---|---|
| *First.* | That the defendant knowingly possessed a controlled substance; |
| *Second.* | That the substance was in fact cocaine; |
| *Third.* | That the defendant possessed the substance with the intent to distribute it; and |
| *Fourth.* | That the quantity of the substance was at least 500 grams of a mixture or substance containing a detectable amount of cocaine. |

To "possess with intent to distribute" simply means to possess with intent to
deliver or transfer possession of a controlled substance to another person, with or without

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Adrian Lydell Gardner**
**Factual Resume—Page 1**

any financial interest in the transaction.

## STIPULATED FACTS

1.     Adrian Lydell Gardner admits and agrees that on November 20, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly or intentionally possess with intent to distribute 500 grams or more, but less than five kilograms, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

2.     In October 2025, Amarillo Police Department (APD) officers began investigating Adrian Lydell Gardner for drug trafficking. Officers identified a silver Dodge Ram 1500 as a vehicle driven by Gardner.

3.     On November 20, 2025, at approximately 4:00 p.m., officers observed that Gardner's truck was traveling south on Interstate 27 towards Lubbock, Texas. Before leaving Amarillo, Gardner visited a residence at 3214 NW 2nd Avenue, Amarillo, Texas. Gardner entered the residence by entering a code on the front door lock. Officers observed Gardner leave the residence with a dark colored bag.

4.     Lubbock Police Department (LPD) officers assisted with surveillance in Lubbock. An LPD officer observed Gardner's truck arrive at a residence in the 6500 block of 93rd Street, Lubbock, Texas. Gardner stayed a short time, then left Lubbock and traveled back towards Amarillo. During that time, APD officers discovered that Gardner had two outstanding arrest warrants out of Potter County (Texas).

**Adrian Lydell Gardner**
**Factual Resume—Page 2**

5.    At approximately 9:05 p.m., Texas Department of Public Safety (DPS) Trooper Castillo initiated a traffic stop of Gardner's vehicle. Gardner initially came to a stop in the parking lot of the Big Apple Comics at 4561 S. Western Street, Amarillo, Texas. Before Trooper Castillo could exit his vehicle, Gardner sped away. DPS troopers pursued Gardner. An APD officer deployed spike strips at the intersection of 34th and Western. Gardner's vehicle drove over the strips and crashed into a building. Gardner was taken into custody.

6.    A DPS trooper utilized his drug-detecting canine to conduct a free-air sniff around Gardner's vehicle. The canine gave a positive alert for the odor of narcotics coming from the vehicle. Officers conducted a probable cause search of the vehicle. During the search, officers located a dark colored Nike camouflage bag lying on the driver's floorboard. Inside the bag, officers located a bag of suspected marijuana and two plastic bags of suspected cocaine. The marijuana had a gross weight of 115.46 grams. The baggies of cocaine had a combined weight of 637.43 gross grams. This amount of cocaine is only consistent with distribution.

7.    Officers transported Gardner to the APD for an interview. An officer read Gardner his *Miranda* warnings. Gardner waived his rights and agreed to make a statement. Gardner explained that he would get paid when he delivered the cocaine to an individual in Amarillo. Gardner admitted that he got involved because he needed the money.

Adrian Lydell Gardner
Factual Resume—Page 3

8.      Gardner also admitted that he distributes both crack cocaine and marijuana. He admitted to selling crack cocaine for the last year.  Gardner stated that when he sold crack cocaine, it was usually .25 ounces, which is approximately 7 grams.

9.      The suspected cocaine was sent to the DEA South Central Laboratory.  The DEA Laboratory confirmed that the substance was, in fact, cocaine, a Schedule II controlled substance.  The substance had a total net weight of 630.7 grams.

10.      Gardner admits that on November 20, 2025, he knowingly possessed with intent to distribute 630.7 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

11.      The defendant agrees that the defendant committed all the essential elements of the offense.  This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case.  The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the indictment.

AGREED TO AND STIPULATED on this 18th day of _____ June _____, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
Adrian Lydell Gardner
Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel:  806-324-2356
Fax:  806-324-2399
Email:  anna.bell@usdoj.gov

_____
C.J. McElroy
Attorney for Defendant

Adrian Lydell Gardner
Factual Resume—Page 4